IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **REPUBLIC BANK, a Utah industrial bank,**<br><br>Plaintiff,<br><br>v.<br><br>**WEST PENN ALLEGHENY HEALTH SYSTEM, INC., a Pennsylvania corporation,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:08-cv-934-DAK-PMW**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is West Penn Allegheny Health System, Inc.'s ("Defendant") motion to compel production of certain documents (collectively, "Documents") that Republic Bank ("Plaintiff") claims are protected by the work-product privilege.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 17.

[2] *See* docket no. 16.

In relevant part, rule 26 of the Federal Rules of Civil Procedure provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).  The party claiming work-product protection has the burden of establishing that it is applicable.  *See, e.g.*, *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

The parties disagree about whether the Documents are entitled to work-product protection under rule 26.  *See id.*  Defendant argues that the Documents are not entitled to such protection because they were not "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A).  In support of that argument, Defendant points to certain of the Documents it obtained in response to a subpoena served on a third party, Wm. F. Comly & Son, Inc. (collectively, "Comly Documents"). Defendant argues that the Comly Documents are not entitled to work-product protection and, therefore, that the court should compel Plaintiff to produce "any and all [D]ocuments improperly classified as privileged under the work[-]product doctrine on Plaintiff's Privilege Log."[3]

In response, Plaintiff argues that the Documents were indeed prepared in anticipation of this case, and Plaintiff's counsel has submitted a sworn declaration to that effect.[4]  Plaintiff also argues

---

[3] *Id.*, Memorandum in Support of Motion to Compel, at 5.

[4] *See* docket no. 19.

that Defendant makes no attempt to demonstrate that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

In its reply memorandum, Defendant asserts that Plaintiff "has done nothing to demonstrate that the [Documents] are protected work product."[5] Based on that assertion, Defendant argues that it does not need to demonstrate "substantial need" and "undue hardship" because that test is applicable only if Plaintiff establishes that the Documents are entitled to work-product protection.[6] *Id*.

For the following reasons, the court has determined that Defendant's arguments fail. First, the court finds no merit in Defendant's assertion that Plaintiff has "has done nothing to demonstrate that the [Documents] are protected work product."[7] Plaintiff's arguments, along with Plaintiff's counsel's sworn declaration, have persuaded the court that the Documents were prepared in anticipation of this case. Accordingly, the court concludes that Plaintiff has satisfied its burden of demonstrating that the work-product privilege is applicable to the Documents.

Second, Defendant has failed to demonstrate that the work-product privilege is inapplicable. Defendant relies primarily upon the Comly Documents to support its argument that the remainder of the Documents should be produced. However, the court has already concluded that Plaintiff has

---

[5] Docket no. 20 at 2.

[6] In its reply memorandum, Defendant also argues for the first time that Plaintiff waived work-product protection of the Documents by disclosing them to third parties. Because that argument was raised for the first time in Defendant's reply memorandum, the court will not address it. *See, e.g.*, DUCivR 7-1(b)(3)(B).

[7] Docket no. 20 at 2.

satisfied its burden of establishing that the work-product privilege is applicable to all the Documents, including the Comly Documents. Moreover, even if Defendant had been able to persuade the court that the Comly Documents are not entitled to work-product protection, that would not compel the conclusion that the remainder of the Documents are not entitled to such protection.

Finally, Plaintiff correctly notes that Defendant has made no effort to establish that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id*. Indeed, Defendant admits that it has not made such a showing and does not challenge Plaintiff's assertion that "it is undisputed that [Defendant] can get the [D]ocuments from other sources, without undue burden."[8] Instead, Defendant relies exclusively on its argument that the Documents are not entitled to work-product protection, which the court has already rejected.

Based on the foregoing, Defendant's motion to compel[9] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 14th day of October, 2009.

BY THE COURT:

*Paul M. Warner*

PAUL M. WARNER
United States Magistrate Judge

---

[8] Docket no. 18 at 10.

[9] *See* docket no. 16.